UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SINGH & SINGH, LLC d/b/a ECONO LODGE STEPHENVILLE, | § § § § | |
| Plaintiff, | § | |
| v. | § § | Civil Action No. _____ |
| BERKLEY ASSURANCE COMPANY, GENTRY & ASSOCIATES CLAIMS SERVICE LLC d/b/a NCA GROUP, and JOE DAVIDSON, | § § § § § | |
| Defendants. | § § | |

## DEFENDANTS' NOTICE OF REMOVAL

TO THE HONORABLE COURT:

Defendants Berkley Assurance Company ("Berkley"), Gentry & Associates Claims Service LLC d/b/a NCA Group ("Gentry"), and Joe Davidson ("Davidson") file this Notice of Removal pursuant to 28 U.S.C. § 1446(a) on the basis this Court has jurisdiction of the removal action pursuant to 28 U.S.C. § 1332 and in support respectfully show the following:

**I.    Facts Supporting Grounds for Removal**

This is first-party insurance action brought that arises out of alleged damage to the property of Plaintiff Singh & Singh, LLC d/b/a Econo Lodge Stephenville ("Singh"). Berkley issued commercial property policy number VUMB0067110 to "Singh & Singh LLC dba Econo Lodge – Stephenville," effective August 15, 2014 to August 15, 2015. *See* Ex. 1, at 5. According to Singh's complaint, a storm occurred on or about April 26, 2015 and caused "extensive damage" to Plaintiff's property. *See* P.'s Original Pet. 3, attached as Ex. 12. Sing reported the claim to Berkley on May 21, 2015, and Berkley began investigating the claim that same day. Berkley assigned the claim to independent adjuster Gentry, who, in turn, assigned the claim to Davidson, an employee

of Gentry. Davidson thoroughly inspected the property and recommended payment. As payment for the claim, Berkley issued two checks to Singh in the amounts of $35,000 and $72,416.22. Berkley also advised Singh that $10,339.92 was available in recoverable depreciation upon proof that Singh made repairs to the property. Singh filed suit on May 17, 2016, bringing causes of action for breach of contract, violations of the Texas Insurance Code and DTPA, and breach of the common law duty of good faith and fair dealing against Berkley, Gentry, and Davidson. *See generally* Pet.

## II.     Removal is Timely

Singh filed its Original Petition, styled *Singh & Singh, LLC DBA Econo Lodge Stephenville v. Berkley Assurance Company, et al.,* Cause No. CV33831, in the 266th Judicial District Court of Erath County, Texas, on May 17, 2016. *See generally* Pet. Davidson and Gentry were served via certified mail sent on May 17, 2016[1]; Berkley was served via certified mail sent to the Commissioner of Insurance on May 25th, 2016.[2] Defendants jointly file this Notice of Removal within the thirty-day time period required by 28 U.S.C. § 1446(b). Accordingly, this Notice of Removal is timely.

## III.    Diversity of Citizenship

Removal is proper under 28 U.S.C. § 1332(a)(1) because there is currently complete diversity of citizenship among Singh and all proper Defendants.

For purposes of diversity of citizenship, Singh is a citizen of the State of Texas, being a limited liability company whose members are all natural persons domiciled in Texas. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (holding that for diversity purposes, the citizenship of a limited liability company is determined by the citizenship each member); *see*

---

[1] *See* Exs.10, 11, citations for Davidson and Gentry.
[2] *See* Ex. 15, re-issued citation for Berkley.

*also Carden v. Arkoma Associates*, 494 U.S. 185, 195-96 (1990).

Berkley is a citizen of the states of Iowa and Arizona, being a corporation formed under the laws of Iowa with its principal place of business located at 7233 East Butherus Drive, Scottsdale, Arizona 85260. *See Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) (holding corporation is a citizen of any state in which it is incorporated and of the state where it has its principal place of business). Berkley is not a citizen of Texas.

Gentry is not a citizen of Texas. *See V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010) (holding that if the member or partner of an LLC is another LLC, then the primary LLC is also a citizen of the state of each of its member-LLCs' sub-members.) Gentry is a limited liability company whose sole member, until December 2015, was a NCA Holdings, Inc. *See* management information of Gentry & Associates Claims Service LLC printed from the Texas Secretary of State website, attached as Ex. 2. NCA Holdings, Inc. is a corporation formed under the laws of Indiana with its principal place of business at 9725 Windermere Boulevard, Fishers, Indiana 46037. In December 2015, however, NCA Holdings, Inc. was voluntarily dissolved. *See* Business Details for NCA Holdings, Inc. printed from Indiana Secretary of State website, attached as Ex. 3. At that time, upon information and belief, a limited liability company formed in Delaware, Worley Claims Services LLC, became the sole member of Gentry. The sole member of Worley Claims Services, LLC is another limited liability company organized under the laws of Delaware called Aquiline Worley Parent LLC. Upon information and belief, the members of Aquiline Worley Parent LLC are natural persons who do not domicile in Texas.[3]

Davidson is a citizen of the State of Texas, being a natural person who domiciles in Texas; however, Davidson has been improperly joined to this action and therefore does not destroy

---

[3] Even if one of the successive members of Gentry is a Texas resident, Gentry, Like Davidson, was improperly joined, as discussed *infra*.

complete diversity of the parties.

"Improper joinder is a limited exception to the forum-defendant rule and the requirement of complete diversity." *New Life Assembly of God of the City of Pampa v. Church Mutual Ins. Co.*, Civil Action No. 2:15-CV-00051-J, 2015 WL 2234890 at *3 (N.D. Tex. May 12, 2015) (citing *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011)); *see also Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016). Improper joinder exists when (1) there is actual fraud in the pleading of jurisdictional facts or (2) the plaintiff is unable to establish a cause of action against the non-diverse defendant. *See Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 573 (5th Cir. 2004); *see also Patel v. Acceptance Indem. Ins. Co.*, No. 4:15-CV-944-A, 2016 WL 361680, at *1 (N.D. Tex. Jan. 28, 2016). Removal is proper when an insured-plaintiff's pleading fails to allege facts that would plausibly lead to the conclusion that the insured-plaintiff suffered damage due to a non-diverse adjuster's conduct (bearing in mind that ultimately the defendant-insurer, not the in-state adjuster, would have made the decision as to whether to pay, and what to pay, the insured-plaintiff). *See Patel*, 2016 WL 361680, at *4; *see also Plascencia v. State Farm Lloyds¸* Civ. Action No. 4:14-CV-00524-A, 2014 U.S. Dist. LEXIS 135081, at *1 (N.D. Tex. Sept. 25, 2014); *SYP-Empire L.C. v. Travelers Cas. Ins. Co. of America*, Civ. Action No. 4:15-CV-213-A, 2015 WL 2234912 at *2). That is the case here, as the Petition fails to allege facts which would permit Singh to recover from Davidson, or, for that matter Gentry, under Texas law.

As in numerous other cases involving insurance disputes, Davidson was joined as a defendant in this action to avoid removal to federal court. *See Davis v. Metro. Lloyds Ins. Co. of Texas*, 4:14-CV-957-A, 2015 WL 456726, at *1 (N.D. Tex. Feb. 3, 2015). In the Petition, Singh contends that Berkley failed to pay the full amounts owed under the policies for the insurance

claim. Even though Davidson investigated the claim on Berkley's behalf, it was Berkley who made the final coverage determinations, and it was Berkley who decided whether and how much to pay on the claim. *See Plascencia*, 2014 U.S. Dist. LEXIS 135081, at **18-19 ("Another badge of improper joinder that has been noted is the absence of any plausible reason for suing the Texas citizen other than to defeat diversity.") While the Petition broadly alleges that Davidson violated the Texas Insurance Code, Singh generically lumps Berkley, Gentry, and Davidson together in making these allegations, failing to delineate who purportedly committed each alleged act of wrongdoing. In fact, Singh fails to differentiate Davidson and Gentry whatsoever, simply labeling both as "Adjusters." Singh's allegations against Davidson consist merely of labels, conclusions and formulaic recitations of the elements of causes of action. As such, the Sing's allegations are insufficient to establish a cause of action against Mr. Reed. *See, e.g., Int'l Energy Ventures*, 818 F.3d at 199; *Griggs v. State Farm Lloyds*, 181 F.3d 694 (5th Cir. 1999). Despite the Petition's boilerplate allegations against Davidson, Singh's true complaint is that Berkley failed to pay more under the policies. Accordingly, Singh's claims against Davidson are intended solely to deprive this Court of jurisdiction, and Davidson's citizenship should be disregarded in determining the Court's jurisdiction. Moreover, for the same reasons, all claims against Davidson should be dismissed.

Based on the foregoing, the parties are completely diverse within the meaning of 28 U.S.C. §1332.

### IV.   Venue is Proper

Venue in this district is proper in the United States District Court for the Northern District of Texas, Fort Worth Division, under 28 U.S.C. §§ 124(a)(2) and 1446(a) in that the Northern District of Texas, Fort Worth Division encompasses Erath County, Texas and is "the district and

division embracing the place where such action is pending."

## V.   Amount in Controversy

Plaintiff states that it seeks monetary relief "over $200,000 but not more than $1,000,000 at this time." Pet. 3. Therefore, the amount in controversy exceeds the $75,000 threshold required to invoke this Court's jurisdiction. 28 U.S.C. § 1332(a); *see St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (noting the district court examines the complaint to determine whether it is facially apparent that the claim exceeds the jurisdictional minimum); *see also KVOS, Inc. v. Associated Press*, 299 U.S. 269, 277 (1936) (holding allegation in pleading is sufficient to establish amount in controversy).

## VI.   The Removal is Procedurally Correct

Pursuant to 28 U.S.C. § 1446(a), the Plaintiff's Original Petition is included in the index and attached hereto as Exhibit 9.

Pursuant to 28 U.S.C. § 1446(d), written notice of the filing will be given to Plaintiff, the adverse party.

Pursuant to 28 U.S.C. § 1446(d), promptly after Berkley files this Notice of Removal, a true copy will be filed with the Clerk of the Erath County District Court, the state court from which this action was removed.

Pursuant to this Court's Local Rule 81.1(a):

- A completed civil cover sheet is attached hereto as Exhibit 4;
- A supplemental civil cover sheet is attached hereto as Exhibit 5;
- A notice of removal to be filed in state court is attached hereto as Exhibit 6;
- An index of all state court documents, attached as Exhibit 7
- A copy of the state court docket sheet, attached as Exhibit 8;
- Copies of all documents filed in the state court case are attached hereto as Exhibits 9 through 18; and
- A signed certificate of interested parties is attached hereto as Exhibit 19.

## VII. Relief Requested

This notice was filed timely. The amount in controversy exceeds $75,000. Complete diversity of citizenship exists as to Plaintiff and properly joined Defendants. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. Accordingly, the action is properly removed pursuant to 28 U.S.C. § 1441.

Defendants respectfully request that the United States District Court for the Northern District of Texas, Fort Worth Division, file the Notice of Removal, assume jurisdiction of this lawsuit, and issue all such further orders and processes as may be necessary.

Respectfully submitted,

*/s/ Matthew Rigney*
Stephen A. Melendi
SBN 24041468
stephenm@tbmmlaw.com
Matthew Rigney
SBN 24068636
mattr@tbmmlaw.com
TOLLEFSON BRADLEY MITCHELL & MELENDI, LLP
2811 McKinney Avenue, Suite 250 West
Dallas, Texas 75204
Telephone:   214-665-0100
Facsimile:   214-665-0199
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

     I hereby certify that on the 16th day of June, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will electronically send notification to the following counsel of record.

Matthew R. Pearson  
Jonathan Lisenby  
Gravely & Pearson, LLP  
425 Soledad, Suite 600  
San Antonio, Texas 78205  
Phone: (210) 472-1111  
Fax: (210) 472-1110  

                              */s/ Matthew Rigney*  
                              Matthew Rigney