IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SINGH & SINGH, LLC d/b/a ECONO LODGE STEPHENVILLE, *Plaintiff,* | § § § § | |
| vs. | § § | CIVIL ACTION NO. 4:16-cv-481-O |
| BERKLEY ASSURANCE COMPANY, GENTRY & ASSOCIATES CLAIMS SERVICE LLC d/b/a NCA GROUP, and JOE DAVIDSON, *Defendants.* | § § § § § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW, SINGH & SINGH, LLC d/b/a ECONO LODGE STEPHENVILLE, and files this First Amended Complaint.

### I.  PARTIES

1. Plaintiff is SINGH & SINGH, LLC d/b/a ECONO LODGE STEPHENVILLE ("Econo Lodge").

2. Berkley Assurance Company ("Berkley") is a Defendant in this matter.

3. Gentry & Associates Claims Service, LLC d/b/a NCA Group is a Defendant in this matter.

4. Joe Davidson is a Defendant in this matter.

### II.  JURISDICTION

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 and § 2201, *et seq.* This is a dispute between Econo Lodge, limited liability company who is a Texas resident, Berkley, an Iowa corporation with its principal place of business in Arizona, Gentry who is not a

citizen of Texas, and Joe Davidson a citizen of the State of Texas. Thus, there is complete diversity of citizenship between the parties and the amount in controversy exceeds the $75,000.00 minimum jurisdictional limits of this Court.

6. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Texas because Singh & Singh, LLC and the subject properties are located in this District and a substantial part of the events giving rise to this action occurred in this District.

### III.   NATURE OF THE CASE; RELIEF SOUGHT

7. This is a first-party insurance case stemming from extensive damage to Plaintiff's property. Plaintiff seeks damages for breach of contract, violation of the Texas Insurance Code, and common law bad faith. Plaintiff also seeks their attorney's fees, statutory penalties, costs of court and pre-judgment interest.

### IV.   BACKGROUND FACTS

8. Plaintiff Econo Lodge owns a hotel located at 2925 W. Washington Ln., Stephenville, Texas 76401.

9. The Property is covered by a policy of insurance which Defendant Berkley sold to Econo lodge (the "Policy"). The Policy is a Business Owners' Policy No. VUMB0067110 issued by Berkely, for the policy period of August 15, 2014 to August 15, 2015. The Policy covered Plaintiff's property against loss by hail, wind and water damage, among other perils.

10. As the consequence of a storm on April 26, 2015, Plaintiff's property sustained extensive hail and related damage to the exterior and interior. This damage is covered under the "all risk" policy issued by Berkley.

11. Plaintiff has performed all conditions precedent to their recovery under the Policy

12. Plaintiff gave timely notice to the carrier, reporting the loss on or about May 21, 2015.

13. Berkley assigned the claim to Gentry and Davidson, its agent and an adjuster, to investigate, report on and adjust the loss.

14. Plaintiff provided information to Berkely and to Davidson the adjuster and gave opportunities for Berkely and Davidson to inspect the property. Berkely violated the terms of the insurance policy by failing to pay for all of the covered damage caused by the storm.

15. Plaintiff has suffered property damages which has not been paid, even though the amounts are well-established and have been provided to Berkely.

16. Berkely has failed to make an attempt to settle Plaintiff's claim in a fair manner, although its liability to Plaintiff under the Policy is without dispute. This conduct is in violation of Tex. Ins. Code Sec. 541.060(a)(2)(A).

17. Berkely has failed to explain the reasons for an offer of inadequate compensation. Berkely has failed to offer Plaintiff adequate compensation without any explanation why full payment was not being made. Berkley did not communicate that any future settlements or payments would be forthcoming to pay the entire losses covered under the Policy. This conduct violates Tex. Ins. Code Sec. 541.060(a)(3).

18. Berkely refused to fully compensate Plaintiff under the terms of the Policy even though Berkley failed to conduct a reasonable investigation. Berkely performed a result-oriented investigation of Plaintiff's claim which resulted in an unfair, biased and inequitable evaluation of Plaintiff's losses. This conduct is in violation of Tex. Ins. Code Sec. 541.060(a)(7).

19. Berkely failed to meets its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning the investigation of Plaintiff's claim, requesting all information reasonably necessary to investigate Plaintiff's claim and fully paying Plaintiff's claim

within the time period mandated by statute. This conduct is in violation of Tex. Ins. Code Sec 542.055.

20. Berkley failed to accept or deny Plaintiff's full and entire claim within the time period mandated by statute. This conduct is a violation of Tex. Ins. Code Sec. 542.056.

21. Berkley failed to meet its obligation under the Texas Insurance Code regarding payment of the claim without delay. This conduct is in violation of Tex. Ins. Code Sec. 542.058.

22. Plaintiff cooperated with Berkley yet Berkley made duplicative and unreasonable requests in order to delay paying Plaintiff for the covered damages from the storm. Berkley breached the policy of insurance by failing to pay for the covered damages to the properties. In addition, Plaintiff seeks extra-contractual damages from Berkley for their handling of the claim. Plaintiff provided Berkley with more than adequate information to determine coverage. Berkley did not do a fair and reasonable investigation of the claim, and instead looked for ways to deny the claim and delay the claim by filing an unwarranted declaratory judgment.

## V.   CLAIMS AGAINST BERKLEY ASSURANCE COMPANY

23. Econo Lodge asserts claims for declaratory judgment, breach of contract, violations of the Texas Insurance Code and bad faith relating to the loss to property located at 2925 W. Washington Ln., Stephenville, Texas 76401. Plaintiff owns and/or is an insured on the property.

24. **Declaratory Judgment.** Plaintiff re-alleges the foregoing paragraphs. Pursuant to Texas Civil Practices and Remedies Code, Chapter 37. Plaintiff seeks a declaration that the Policy provides coverage for the cost to repair the damaged property, less only a deductible, among other things. In the alternative, Plaintiff asserts that the Policy is ambiguous and must be interpreted in favor of coverage and against the Counter-Defendant.

25. **Breach of Contract.**  Plaintiff re-alleges the foregoing paragraphs.  The acts and omissions of Berkley and its agents constitute a breach of Berkley's contract with Plaintiff. Plaintiff has satisfied all conditions precedent to the fulfillment of their contractual demands.  The damage to Plaintiff's property caused by the storm is covered under the policy issued by Berkley and Berkley has failed to pay for all covered damage.  Accordingly, additionally or in the alternative, Plaintiff brings an action for breach of contract against Berkley pursuant to Texas statutory and common law, including Chapter 38 of the Texas Civil Practice and Remedies Code, and seek all of its damages for such breach, including actual damages, consequential damages, attorneys' fees, prejudgment interest, other litigation expenses and costs of court.

26. **Violations of the Texas Insurance Code.**  Plaintiff re-alleges the foregoing paragraphs.  At all pertinent times, Berkley was engaged in the business of insurance as defined by the Texas Insurance Code. The acts and omissions of Berkley and its agents constitute one or more violations of the Texas Insurance Code.  Specifically, Berkley failed to conduct a reasonable investigation and timely and fully pay Plaintiff for the damage to its property.  Instead of evaluating the damage objectively, Berkley, through its agents, looked for ways to underpay Plaintiff's claim. Berkley's conduct described herein violates the following provisions of the Texas Insurance Code:

- Insurance Code chapter 542, the Prompt Payment Act.
- Insurance Code chapter 541, section 541.060 by, among other things:
- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear;
- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which liability has become reasonably clear in order to influence Plaintiff to settle its claim with respect to another portion of the policy;

- failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiff's claims;

- refusing to affirm or deny coverage within a reasonable time; and/or

- refusing to pay Plaintiff's claim without conducting a reasonable investigation.

Where statements were made by the Berkley, Plaintiff reasonably relied upon them. As a result of the foregoing conduct, which was and is the producing cause(s) of injury and damage to Plaintiff, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages. Moreover, one or more of the foregoing acts or omissions were "knowingly" made, entitling Plaintiff to seek treble damages pursuant to the Insurance Code. Berkley has also violated the Prompt Payment Act, and Plaintiff seeks 18% damages as a penalty, plus reasonable and necessary attorney's fees incurred as a result of these violations.

27. **Common Law Bad Faith.** Plaintiff re-alleges the foregoing paragraphs. Berkley has refused to pay or delayed in paying a claim after liability has become reasonably clear. Berkley has refused to pay, delayed in paying or offered grossly inadequate and unconscionable sums to settle the claims submitted by Plaintiff. This constitutes a breach of its common law duty of good faith and fair dealing' *i.e.*, it is acting in "bad faith."

28. Moreover, Berkley has "investigated" and "adjusted" Plaintiff's claim in a malicious, intentional, fraudulent and/or grossly negligent fashion, and Plaintiffs are entitled to extra-contractual damages, including exemplary damages. Plaintiff has sustained serious damage to its property as a result of Berkley's refusal to honor the Policy. Berkley is well aware that its actions involve an extreme risk that Plaintiffs will suffer financial damage as a result of its refusal to honor its obligations, yet it is consciously indifferent to Plaintiff's rights. Econo Lodge is

6

entitled to recover its actual damages, consequential damages, punitive damages, and pre-and post-judgment interest.

## VI. CLAIMS AGAINST GENTRY & ASSOCIATES CLAIMS SERVICES, LLC

29. **Violations of the Texas Insurance Code.** Plaintiff re-alleges the foregoing paragraphs. At all pertinent times, Gentry was engaged in the business of insurance as defined by the Texas Insurance Code. The acts and omissions of Gentry and its agents constitute one or more violations of the Texas Insurance Code. Specifically, Gentry failed to conduct a reasonable investigation. Instead of evaluating the damage objectively, Gentry looked for ways to underpay Plaintiff's claim by under-scoping or purposefully overlooking obvious damage to Plaintiff's building that was caused by a covered loss. Gentry's participation, actions and violations were carried out by Joe Davidson as described more fully below. At all pertinent times Joe Davidson acted as the agent for Gentry. Gentry's conduct described herein violates the following provisions of the Texas Insurance Code:

- Insurance Code chapter 541, section 541.060 by, among other things:

- Misrepresenting to Plaintiff a material fact or policy provision relating to the coverage at issue;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear;

- failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiff's claims;

- refusing to affirm or deny coverage within a reasonable time; and/or

- refusing to pay Plaintiff's claim without conducting a reasonable investigation.

Where statements were made by the Gentry and/or its agents, Plaintiff reasonably relied upon them. As a result of the foregoing conduct, which was and is a producing cause of injury and

damage to Plaintiff, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages. Moreover, one or more of the foregoing acts or omissions were "knowingly" made, entitling Plaintiff to seek treble damages pursuant to the Insurance Code.

30. **Common Law Bad Faith.** Plaintiff re-alleges the foregoing paragraphs. Gentry has refused to pay or delayed in paying a claim after liability has become reasonably clear. Gentry has refused to pay, delayed in paying or offered grossly inadequate and unconscionable sums to settle the claims submitted by Plaintiff. This constitutes a breach of its common law duty of good faith and fair dealing' *i.e.*, it is acting in "bad faith."

31. Moreover, Gentry has "investigated" and "adjusted" Plaintiff's claim in a malicious, intentional, fraudulent and/or grossly negligent fashion, and Plaintiffs are entitled to extra-contractual damages, including exemplary damages. Gentry is well aware that its actions involve an extreme risk that Plaintiffs will suffer financial damage as a result of its refusal to honor its obligations, yet it is consciously indifferent to Plaintiff's rights. Econo Lodge is entitled to recover its actual damages, consequential damages, punitive damages, and pre-and post-judgment interest.

### VII.   CLAIMS AGAINST JOE DAVIDSON

32. **Violations of the Texas Insurance Code.** Plaintiff re-alleges the foregoing paragraphs. At all pertinent times, Davidson was engaged in the business of insurance as defined by the Texas Insurance Code. The acts and omissions of the Davidson constitute one or more violations of the Texas Insurance Code. Specifically, Davidson failed to conduct a reasonable investigation. Instead of evaluating the damage objectively, Davidson looked for ways to underpay Plaintiff's claim and conducted a pre-textual investigation into whether the subject roof was capable of being repaired. At all times during the course of Davidson's investigation it was

8

reasonably clear that the covered damage to the roof required its full replacement. Plaintiff notified the insurer on multiple occasions that the covered damage and the condition of the roof necessitated a complete replacement under the policy. On or about May 22, 2015, Davidson created an estimate to repair Plaintiff's property that only included an allowance to repair parts of the roof.

33.    Davison proceeded to retain the services of Nelson Engineering in a pre-textual attempt to confirm his unreasonable conclusion and to convince Plaintiff that the roof was repairable even though Davidson reasonably should have known it was not. He retained Nelson knowing that Nelson would provide a report Davidson could use as a pretext for underpaying the claim, and knowing that the investigation Nelson would perform and *did* perform was not reasonable. The Nelson report, even though Nelson was ostensibly retained to look into whether the roof was in fact repairable, details no investigation into this issue but instead concluded that the damage was "localized" and only needed spot repairs. The report did not comment on why the roof was repairable or how the repairs should be performed. The report specifically states that destructive testing is outside of the scope of the investigation and that the inspection was only visual in nature. Following the pre-textual Nelson investigation in which Davidson limited the scope of Nelson's services, he relayed his unreasonable conclusion to Berkley who acted on his recommendations when they underpaid Plaintiff's claim.

34.    In addition to Davidson's unreasonable and pre-textual investigation, on July 6, 2015, in email correspondence with Plaintiff, Davidson refused to pay Plaintiff the undisputed amount due under the policy in an attempt to influence Plaintiff to agree that the roof was unrepairable. Davidson knew that the amounts were reasonable and undisputed yet he failed and refused to recommend their payment to the insurance company unless Plaintiff agreed to his

estimate with regard to the reparability of the roof. His misrepresentations of the policy and factual basis for refusing payment caused delays in the payment of the claim and caused further damage to Plaintiff's building.

35. Davidson's conduct described herein violates the following provisions of the Texas Insurance Code:

- Insurance Code chapter 542, the Prompt Payment Act.

- Insurance Code chapter 541, section 541.060 by, among other things:

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which liability has become reasonably clear in order to influence Plaintiff to settle its claim with respect to another portion of the policy;

- failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiff's claims;

- refusing to affirm or deny coverage within a reasonable time; and/or

- refusing to pay Plaintiff's claim without conducting a reasonable investigation.

Where statements were made by the Davidson, Plaintiff reasonably relied upon them. As a result of the foregoing conduct, which was and is the producing cause(s) of injury and damage to Plaintiff, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages. Moreover, one or more of the foregoing acts or omissions were "knowingly" made, entitling Plaintiff to seek treble damages pursuant to the Insurance Code.

36. **Common Law Bad Faith.** Plaintiff re-alleges the foregoing paragraphs. Davidson has refused to pay or delayed in paying a claim after liability has become reasonably clear. Davidson has refused to pay, delayed in paying or offered grossly inadequate and unconscionable

10

sums to settle the claims submitted by Plaintiff. This constitutes a breach of its common law duty of good faith and fair dealing' *i.e.*, it is acting in "bad faith."

37. Moreover, Davidson has "investigated" and "adjusted" Plaintiff's claim in a malicious, intentional, fraudulent and/or grossly negligent fashion, and Plaintiffs are entitled to extra-contractual damages, including exemplary damages. Plaintiff has sustained serious damage to its property as a result of Davidson's refusal to honor the Policy. Davidson is well aware that his actions involve an extreme risk that Plaintiffs will suffer financial damage as a result of his refusal to honor his obligations, yet is consciously indifferent to Plaintiff's rights. Econo Lodge is entitled to recover its actual damages, consequential damages, punitive damages, and pre-and post-judgment interest.

## VIII. JURY DEMAND

38. Plaintiff requests that a jury be convened to try the factual issues in this action.

## IX. PRAYER

WHEREFORE, Plaintiff seeks the following relief:

A. The Court's declaration that the Policy provides coverage for the damage to the property, less only a deductible;

B. Alternatively, a ruling that the Policy is ambiguous and must be interpreted in favor of coverage and in favor of Plaintiff;

C. Damages against the Defendant Berkley Assurance Company for breach of contract, including actual damages, consequential damages, attorneys' fees, pre- and post-judgment interest, other litigation expenses and costs of court;

D. Damages against the Defendants for Insurance Code and extra-contractual claims including actual, exemplary and/or treble damages;

E. Penalty in the amount of 18% damages for violations of the Prompt Payment Act;

F. Attorneys' Fees;

G. Any other relief to which Plaintiff would be justly entitled.

                Respectfully submitted,

By:   /s/ Jonathan C. Lisenby
Matthew R. Pearson
State Bar No. 00788173
mpearson@gplawfirm.com
Jonathan C. Lisenby
State Bar No. 24072889
jlisenby@gplawfirm.com

GRAVELY & PEARSON, L.L.P.
425 Soledad, Suite 600
San Antonio, Texas 78205
Telephone: (210) 472-1111
Facsimile: (210) 472-1110

ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

   This is to certify that on the 23rd day of August, 2016, a true and correct copy of the above and foregoing was served on the following persons pursuant to the Federal Rules of Civil Procedure:

Stephen A. Melendi
Matthew Rigney
Tollefson Bradley Mitchell & Melendi, LLP
2811 McKinney Avenue, Suite 250 West
Dallas, Texas 75204

                 /s/ Jonathan C. Lisenby_____
                 Jonathan C. Lisenby